```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-14102-CIV-GRAHAM
                              MAGISTRATE JUDGE P.A. WHITE
JAMES EDWARD JONES,           :

     Plaintiff,               :
v.
                                     PRELIMINARY REPORT
LASHONDA HARRIS,              :      OF MAGISTRATE JUDGE

     Defendant.               :
```

## I. Introduction

The plaintiff James Edward Jones, currently housed at the Martin Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

```
                     *   *   *

              (B) the action or appeal -

                     *   *   *

              (i)  is frivolous or malicious;

              (ii) fails to state a claim on which
              relief may be granted; or

              (iii) seeks monetary relief from a
              defendant who is immune from such
              relief.
```

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff alleges that Lashonda Harris, a classification specialist at Martin Correctional Institution, retaliated against

3

him for filing grievances by issuing a false disciplinary report. He seeks monetary damages.

A claim that a prison official retaliated against an inmate may raise a violation of an inmate's First Amendment rights. Wildberger v. Bracknell, 869 F.2d 1467 (11 Cir. 1989); Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986). It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. See, e.g., Farrow v. West, 320 F.3d 1235, 1248 (11 Cir. 2003). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. See Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11 Cir. 2005); Smith v. Mosley, 2008 WL 2609353, 4 (11 Cir. 2008).

In this case, the plaintiff has raised facts to state a possible First Amendment claim against Harris. The plaintiff alleges that he engaged in protected activity by submitting grievances, and Harris retaliated against him by issuing a knowingly false disciplinary report. The plaintiff has stated sufficient facts under the Twombly or any "heightened pleading" standard to state a claim for relief under the First Amendment against the defendant Harris, in her individual capacity.

4

III.  <u>Conclusion</u>

Based on the foregoing, it is recommended that the Complaint [DE# 1] proceed against the defendant Harris in her individual capacity, on a claim of denial of rights under the First Amendment.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 4th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  James Edward Jones, <u>Pro Se</u>
     No. 605121
     Martin Correctional Institution
     1150 SW Allapattah Road
     Indiantown, FL 34956-5397