```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-14102-CIV-GRAHAM
                              MAGISTRATE JUDGE P.A. WHITE
JAMES EDWARD JONES,           :

     Plaintiff,               :
v.
                                        REPORT OF
LASHONDA HARRIS,              :      MAGISTRATE JUDGE

     Defendant.               :
_____
```

I.  Introduction

This Cause is before the Court upon: the Motion to Dismiss filed by the defendant Harris [DE# 13]; the plaintiff's response thereto [DE# 14] and the plaintiff's Addendum to Request for Damages [DE# 15].

The plaintiff James Edward Jones, currently housed at the Martin Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding in forma pauperis. [DE# 4].

The plaintiff alleges that Lashonda Harris, a classification specialist at Martin Correctional Institution, retaliated against him for filing grievances by issuing a false disciplinary report. The specific allegations are set forth below. The Undersigned has issued a Report recommending that the Complaint [DE# 1] proceed against the defendant Harris in her individual capacity, on a claim of denial of rights under the First Amendment. [DE# 7]. That Report is pending before the District Court. The defendant Harris was served on May 27, 2009 [DE# 11] and she filed a Motion to Dismiss [DE# 13] on June 16, 2009.

II. Analysis

The rules of pleading require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Additionally, the rules of pleading allow a defendant to file a motion asserting a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11 Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89 (2007). The pleadings of a pro se litigant are to be liberally construed and held to a less stringent standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The plaintiff is required to plead facts that show more than the "mere possibility of

misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id.

The plaintiff raises two specific claims of retaliation.

### February 4, 2009 Incident

The plaintiff claims that he was found guilty of a disciplinary infraction at Glades CI on January 20, 2009, and he transferred to the SFRC where he was housed from January 22 to 27, 2009 and then placed at Martin CI. The plaintiff claims that in accordance with FDOC rules, he could not be placed in confinement at the new institution unless the prior institution specifically attached a complete coversheet memorandum to his inmate file requesting that the disciplinary penalty imposed be continued at the new institution. The plaintiff states that upon his arrival at SFRC officials called Glades CI because there was no coversheet, and Glades CI officials told SFRC officials not to place him in disciplinary confinement. He claims that upon arrival at Martin CI on January 27, 2009, Harris interviewed him and told him that the Glades CI disciplinary report would not "hinder" him while he was housed at Martin CI and that he was to be placed in general population. The plaintiff filed an informal grievance on or about February 2, 2009 on an unspecified matter. He alleges that as a result of him filing this grievance, on February 4, 2009 Harris requested that security place him in disciplinary confinement. The plaintiff attached a copy of a grievance he filed on March 11, 2009

complaining that Harris retaliated against him, but the grievance does not reference the February 2, 2009 grievance nor does it explain why Harris allegedly retaliated against him.  In the plaintiff's response to the Motion to Dismiss [DE# 14], he again references the February 2, 2009 grievance, but he does provide any details about this grievance, such as the nature of the complaint, the official(s) against whom it was filed, and whether Harris had actual knowledge of this grievance.  He reiterates that "placement in DC was false and retaliatory because defendant was without authority to continue Glades CI disciplinary penalty absent the requisite . . . documentation from Glades CI."

### March 19, 2009 Incident

The plaintiff alleges that on March 19, 2009 Harris issued a false disciplinary report in retaliation for the grievance he file on March 11, 2009 accusing of her of retaliating by placing him in disciplinary confinement. The plaintiff claims that Harris issued him a disciplinary report based on the fact that he had filed a frivolous pleading in state court six months earlier while he was housed at DeSoto CI.  He claims that this infraction was resolved at DeSoto CI and Harris searched his inmate file for a reason to issue a false, retaliatory disciplinary report.  In his Response [DE# 14] the plaintiff claims that there was no basis for the disciplinary report because there was no state court order directed to martin CI to initiate disciplinary proceedings and DeSoto CI reviewed the September 19, 2008 state court order and determined that no disciplinary action was warranted.

The defendant argues that the plaintiff has failed to state a constitutional claim of retaliation because (1) the plaintiff's placement in disciplinary confinement at Martin CI was not in

retaliation for filing a grievance but was based on a rule infraction at Glades CI, and thus the causal connection between the grievance and the disciplinary placement is severed because the placement was in response to a prior infraction, not a protected activity; and (2) the punishment imposed for filing a frivolous court document was not causally connected to a protected activity, as the plaintiff has submitted a court order in which the state court recommended that the DOC impose sanctions and the six month delay in imposing sanctions suffices to sever the causal connection because the defendant had a legitimate reason to file a disciplinary report.  The defendant further argues that the plaintiff is not entitled to compensatory or punitive damages pursuant to 42 U.S.C. §1997e(e); and she is immune from suit in her official capacity for monetary damages.

A claim that a prison official retaliated against an inmate may raise a violation of an inmate's First Amendment rights. Wildberger v. Bracknell, 869 F.2d 1467 (11 Cir. 1989); Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986). It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. See, e.g., Farrow v. West, 320 F.3d 1235, 1248 (11 Cir. 2003). It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints. Id. To prevail, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. See Bennett v. Hendrix, 423 F.3d 1247, 1250,

1254 (11 Cir. 2005); <u>Smith v. Mosley</u>, 2008 WL 2609353, 4 (11 Cir. 2008).

Upon review of the Motion to Dismiss and Response, the Undersigned concludes that the plaintiff has failed to state a claim for relief with regard to the February 4, 2009 placement in confinement. Although the plaintiff infers that the placement in confinement was in retaliation for a grievance he apparently filed two days earlier, he has provided no details whatsoever describing the nature of the grievance and he raises no facts to indicate that the defendant was aware of the protected activity. This claim of retaliation raises a legal conclusions and contains only by threadbare recitals of the elements of a cause of action supported by conclusory statements. The absence of facts establishing a causal link between the alleged protected activity (the February 2, 2009 grievance) and the alleged retaliatory conduct (placement in disciplinary confinement) shows, at best, the mere possibility of misconduct. A careful reading of the plaintiff's pleadings reveals that his chief complaint is that Harris placed him in confinement despite a coversheet sent by Glades CI officials, which may violate a state DOC regulation but does not implicate the constitution. This alternative explanation for the alleged retaliatory conduct makes it most plausible that no constitutional violation occurred.

In contrast, the plaintiff has raised sufficient facts to state a plausible retaliation claim with regard to the march 19, 2009 disciplinary report. The plaintiff alleges that he engaged in protected activity by submitting a grievance against Harris on March 11, 2009, of which she was aware, and Harris retaliated against him by issuing a knowingly false disciplinary report on march 19, 2009 by looking at his inmate file and finding a six month old state court, issued while he was at another institution,

6

recommending that the prison institute disciplinary proceedings. Harris counters that because the court order entitled her to file a disciplinary report, it could not have been done in retaliation for the grievance. This is a factual dispute which cannot be resolved on a motion to dismiss. The plaintiff's claim that Harris specifically searched for a reason to file a disciplinary report shortly after he filed a grievance, having no independent reason to file a report may state a claim of unconstitutional retaliation. The plaintiff has stated sufficient facts under the Twombly standard to state a claim for relief under the First Amendment against the defendant Harris, in her individual capacity, as to the alleged retaliation on March 19, 2009.

### Section 1997e(e)

The defendant correctly argues that the plaintiff is not entitled to compensatory or punitive damages pursuant to 42 U.S.C. §1997e(e) because he fails to allege that he suffered any physical injury as a result of the alleged constitutional violations. Section 1997e(e) bars prisoner civil actions for "mental or emotional injury suffered while in custody without a prior showing of physical injury. A plaintiff, who files his complaint while in custody, who does not allege any physical injury as a result of an alleged constitutional violation may not seek compensatory or punitive damages, but can seek nominal damages and equitable relief. See Quinlan v. Personal Transport Services Co., 2009 WL 1564134, 2 (11 Cir. 2009)("Under section 1997e(e), a plaintiff may not recover monetary damages (compensatory or punitive) for mental or emotional injury unless he also alleges that he suffered more than de minimis physical injury."); Frazier v. McDonough, 264 Fed.Appx. 812, 815 (11 Cir. 2008); Smith v. Allen, 502 F.3d 1255,

1271 (11 Cir. 2007); Hughes v. Lott, 350 F.3d 1157, 1162 (11 Cir. 2003).

The plaintiff has filed an amended pleading in which he states that he seeks nominal damages. [DE# 15]. It is recommended that this pleading be incorporated as an amendment to the complaint, and the complaint proceed only insofar as the plaintiff seeks nominal damages.

### Capacity of Defendant

As the prior Report noted, the plaintiff has stated a claim against the defendant in her individual capacity only, and a recommendation was made to that effect. The plaintiff now asks the Court to construe his request to sue Harris in her official capacity as a request for declaratory or injunctive relief, but he does not specify what relief he seeks. If the plaintiff seeks such equitable relief, he should file a complete amended complaint specifying exactly what relief he seeks.

### III. Conclusion

Based on the foregoing, it is recommended that:

1. The Motion to Dismiss [DE# 13] be granted in part and denied in part, as follows:

    A. The Motion to Dismiss the claim of retaliation on February 4, 2009 be granted.

    B. The Motion to Dismiss the claim of retaliation on March 19, 2009 be denied.

   C. The Motion to Dismiss the request for compensatory and punitive damages and to dismiss the suit as to the defendant's official capacity be granted.

 2. The plaintiff's Request that Defendant's Motion to Dismiss be Denied [DE# 14], is denied, consistent with the recommendation stated above.

 3. The case proceed only on the claim of unconstitutional retaliation on march 19, 2009 against Harris in her individual capacity for nominal damages.

 4. The Addendum to Request for Damages [DE# 15] be incorporated into the Complaint.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 4th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: James Edward Jones, <u>Pro Se</u>
  No. 605121
  Martin Correctional Institution
  1150 SW Allapattah Road
  Indiantown, FL 34956-5397

  Counsel of Record