```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-14102-CIV-GRAHAM
                              MAGISTRATE JUDGE P.A. WHITE
JAMES EDWARD JONES,           :

     Plaintiff,               :
v.
                                        REPORT OF
LASHONDA HARRIS,              :     MAGISTRATE JUDGE

     Defendant.               :
_____
```

## I. Introduction

The plaintiff James Edward Jones, currently housed at the Martin Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 against Lashonda Harris, a classification specialist at Martin CI. (DE# 1).

According to Jones's complaint and the documents attached thereto, following his conviction in state court, a circuit court judge entered a November 5, 2007 order barring Jones from filing additional pro se motions attacking his conviction and sentence. (DE# 1, p. 15-16). In response to a subsequent pro se post-conviction motion filed by Jones, the circuit court judge issued a September 19, 2008 order finding Jones in violation of the November 5, 2007 order. (DE# 1, p. 13-14). The court explained that a certified copy of its order would be forwarded to DeSoto CI, where Jones was housed, "with this Court's recommendation that sanctions, including but not limited to forfeiture of gain time, be imposed." (DE# 1, p. 13-14). DeSoto officials took no action as Jones was transferred to the South Florida Reception Center (SFRC) on November 12, 2008. (DE# 1, p. 7-8; 22, p. 4). Jones moved from SFRC to Glades CI on November 17; to Glades Work Camp on November 24; and back to Glades CI on January 11, 2009. (DE# 1, p. 7-8; 22, p. 4).

Jones explained in his complaint (DE# 1, p. 4-6) that he was found guilty of a disciplinary infraction at Glades CI on January 20, 2009, and he transferred to the SFRC where he was housed from January 22 to 27, 2009 and then placed at Martin CI. Jones argued

that in accordance with FDOC rules, he could not be placed in confinement at Martin CI unless the prior institution specifically attached a complete coversheet memorandum to his inmate file requesting that the disciplinary penalty imposed be continued at the new institution.  Jones stated that upon his arrival at SFRC, officials called Glades CI because there was no coversheet, and Glades CI officials told SFRC officials not to place him in disciplinary confinement.  He claimed that upon arrival at Martin CI on January 27, 2009, Harris interviewed him and told him that the Glades CI disciplinary report ("DR") would not hinder him while he was housed at Martin CI and that he was to be placed in general population.  (DE# 1, p. 4-6).

On February 4, 2009, Harris requested that security place Jones in disciplinary confinement, based on his infraction at Glades CI.[1]  (DE# 1, p. 4-6).  As a result, Jones filed a March 11, 2009 grievance asserting that Harris placed him in disciplinary confinement contrary to FDOC rules, in light of the absence of the requisite documentation from Glades CI. (DE# 1, p. 10).

On March 19, 2009, Harris filed a DR wherein she explained that she had just received copies of the November 5, 2007 order barring further pro se motions, Jones's subsequent pro se post-conviction motion, and the September 19, 2008 order recommending DeSoto officials impose sanctions.  (DE# 1, p. 11).  The DR charged Jones with violating Florida Administrative Code 33-601.314 (9-32), which prohibits the filing of frivolous/malicious documents in court.[2]  (DE# 1, p. 11).  Following a hearing on Harris's DR, at which Jones

---

[1]  According to a prior Report granting Harris's motion to dismiss in part, Jones alleged that Harris placed him in confinement in retaliation for an informal grievance he filed on February 2, 2009 on an unspecified manner.  The Undersigned concluded that Jones failed to state a claim for relief with regard to the February 4, 2009 placement in confinement because of the absence of facts establishing a causal connection between the alleged protected activity (the February 2, 2009 grievance) and the alleged retaliatory conduct (placement in disciplinary confinement.). (DE# 18, p. 6).

[2]  The rule provides: "In accordance with Section 944.279(1), F.S., is found by the court to have brought a frivolous or malicious suit, action, claim, proceeding or appeal in any court, or to have brought a frivolous or malicious collateral criminal proceeding or is found by the court to have knowingly or with reckless disregard for the truth brought false information or evidence before the court."  F.A.C. 33-601.314 (9-32).

was present and pled not guilty, the hearing team found Jones guilty of the charges and imposed sanctions in the form of a loss of 122 days of gain time. (DE# 28, p. 15).

Jones took issue with the decision in an informal grievance, which was denied. (DE# 22-1, p. 6). In a March 26, 2009 request for administrative remedy/appeal, Jones appealed the hearing team's decision and requested that his gain time be restored. (DE# 22-1, p. 7). In an April 14, 2009 response, prison officials denied Jones's request as he had not presented additional information which would warrant reversal of the hearing team's decision. (DE# 22-1, p. 8).

Shortly after appealing the hearing team's decision at the administrative level, Jones filed his §1983 complaint against Harris wherein he alleged that she retaliated against him for filing the March 11, 2009 grievance by issuing a knowingly false DR on March 24, 2009. (DE# 1). Jones asserted that Harris searched his file for a reason to issue the DR, as she had no independent reason to file. (DE# 1). He requested compensatory, punitive, and nominal damages. (DE# 1, 15).

The Preliminary Report (DE# 7) and subsequent Report (DE# 18) recommended that the complaint proceed against Harris in her individual capacity, on a claim of denial of rights under the First Amendment. In the latter Report, the Undersigned recommended that the case proceed against Harris for nominal damages only, not compensatory or punitive damages. (DE# 18). The District Court subsequently issued an order adopting each report in its entirety. (DE# 20).

Harris next filed motion for summary judgment (DE# 22), with exhibits attached (DE# 22-1, 22-2), wherein she argued that **(1)** Jones's claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997); **(2)** she is entitled to summary judgment on the merits of Jones's First Amendment retaliation claim; **(3)** she is protected by qualified immunity. (DE# 22). This Court issued an order instructing the <u>pro se</u> plaintiff of his right to respond to the motion for summary judgment. (DE# 25). In Jones's response (captioned as a motion requesting denial of Harris's allegedly premature motion for summary judgment), he

argued that the claim is not <u>Heck</u>-barred and that a ruling on the merits is pre-mature because he has not had an adequate opportunity for discovery. (DE# 28). Jones also filed a cross-motion for summary judgment, with exhibits attached, wherein he argued that the record confirms that he did not violate rule 9-32. (DE# 27).

## II. <u>Analysis</u>

### Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."

In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986), the Supreme Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

(citations omitted). Thus, pursuant to <u>Celotex</u> and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. <u>Hoffman v. Allied Corp.</u>, 912 F.2d 1379, 1382 (11 Cir. 1990). If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party, to come forward with sufficient evidence to rebut this showing with

affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the non-moving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir. 1987). If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir. 1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson, 477 U.S. 242).

### Jones's Claim is Barred by Heck v. Humphrey

The Supreme Court in Heck v. Humphrey, 512 U.S. 477 (1994) held that if a judgment favoring a state prisoner seeking damages under §1983 suit would necessarily imply the invalidity of his/her conviction or sentence, the claim for damages is not cognizable under §1983 and the complaint must be dismissed, because the claim for damages will not exist unless and until the prisoner can demonstrate that the conviction or sentence has previously been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Although the Heck decision did not concern a disciplinary proceeding, its holding was subsequently extended to inmates' attacks on prison disciplinary proceedings, where the inmate's claim for damages is based upon an institutional administrative ruling which resulted in the loss of credits against the inmate's sentence, thereby having the effect of lengthening the sentence. See Edwards v. Balisok, 520 U.S. 641 (1997); Sheldon v.

5

Hundley, 83 F.3d 231 (8 Cir. 1996); Black v. Coughlin, 76 F.3d 72 (2 Cir. 1996); Miller v. Indiana Dept. of Corrections, 75 F.3d 330, 331 (7 Cir. 1996).

The parties in this case agree on the following facts. Jones filed a March 11, 2009 grievance taking issue with Harris's decision to continue a penalty previously imposed against Jones at Glades CI. (DE# 1, 10). On March 18, 2009, Harris filed a DR against Jones alleging that he violated rule 9-32, which prohibits the filing of frivolous documents in court. (DE# 1, p. 11-12). Jones plead not guilty and a hearing was conducted at which Jones was present. (DE# 28, 15). The hearing team issued a decision finding Jones guilty of the DR's allegations and depriving him of 122 days of gain time.[3] (DE# 28, 15). Jones took issue with the decision in an informal grievance, which was denied. (DE# 22-1, p. 6). Jones next filed a formal grievance requesting that "guilt be overturned and gain-time be restored." (DE# 22-1, 7). Prison officials issued a response denying the formal grievance because Jones failed to provide "new information which would warrant overturning the team's decision." (DE# 22-1, p. 8). Immediately after unsuccessfully appealing the decision, he filed his §1983 complaint.

Jones does not dispute these facts in his response to the motion for summary judgment and instead argues that pursuant to Woods v. Smith, 60 F.3d 1161 (5 Cir. 1995), "Heck-barred termination of prison disciplinary proceedings in favor of prisoner is not a prerequisite of retaliatory interference claim." (DE# 28, p. 10).

In Woods, 60 F.3d 1161, a prisoner filed a §1983 claim against several prison guards who allegedly retaliated against him by filing false disciplinary reports, in violation of his constitutional right of access to courts. Woods was found guilty of the charges asserted in the DR and was punished in various ways, *not* including the loss of gain time. Jones correctly asserts that the Fifth Circuit held that "favorable termination is not a requisite of a retaliatory interference claim." Id. at 1164.

---

[3] Jones attached a copy of this decision to his response to Harris's motion for summary judgment. (DE# 28, 15).

However, Woods's claim for damages was not based upon an institutional administrative ruling which resulted in the loss of credits against his sentence, as was the case in Edwards v. Balisok, 520 U.S. 641 (1997).

The holding in Woods is consistent with the Supreme Court's subsequent decision in Muhammad v. Close, 540 U.S. 749 (2004). There, the Court rejected the Sixth Circuit's view that "Heck applies categorically to all suits challenging prison disciplinary proceedings." Id. at 754. Importantly, "Heck's requirement to resort to state litigation and federal habeas before §1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." Id. at 751. The Supreme Court, noting that the District Court and the Magistrate Judge had expressly found that no good-time credits were eliminated by the defendant/prison guard's pre-disciplinary proceeding action, which Muhammad called into question, held that the petitioner's suit was not Heck-barred as it did not seek a judgment at odds with his conviction or the state's calculation of time to be served in accordance with the underlying sentence. See also Pittman v. Tucker, 213 Fed. Appx. 867 (11 Cir. 2007) (holding that although the plaintiff claimed that "officers retaliated against him by filing a false disciplinary report . . . there [was] no indication that these disciplinary actions affected his sentence," therefore, in light of Muhammad, 540 U.S. 749, the claims were not Heck-barred).

The facts in Muhammad and Woods are distinguishable from those in the present case because the loss of gain time was the *only* sanction imposed against Jones as a result of Harris's allegedly retaliatory DR. Accordingly, Jones's claim that Harris's DR was false and retaliatory is a claim that implicates the validity of the disciplinary charges and the sanctions imposed, including the loss of good-time credits. Pursuant to Heck and Edwards, Jones does not have a cognizable §1983 claim unless he can show that the disciplinary conviction has been invalidated. Jones has made no

7

such showing. The undisputed evidence establishes that the hearing team's decision remains in effect.[4]

It is clear, therefore, that in connection with the March 18, 2009 DR, Harris is entitled to summary disposition, in her favor, of the complaint. In addition, Jones is not entitled to summary judgment in his favor, as requested in his cross-motion for summary judgment.

### III. Conclusion

It is therefore recommended as follows:

1. The motion for summary judgment filed by Harris (DE# 22) be granted.

2. Jones's motion for summary judgment (DE# 27) be denied.

3. Jones's motion requesting denial of Harris's allegedly premature motion for summary judgment (DE# 28) be denied.

4. The case be closed.

5. All other pending motions not otherwise ruled upon by separate order be dismissed as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 5th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: James Edward Jones, Pro Se
No. 605121
Martin Correctional Institution
1150 SW Allapattah Road
Indiantown, FL 34956-5397

---

[4] Harris relies on Brown v. Cline, 319 Fed. Appx. 704 (10 Cir. 2009), wherein the court reached the same conclusion based on facts identical to the facts in this case.

```
Mark J. Hiers and Lance Eric Neff
Office of Attorney General
General Civil-Corrections
PL-01 The Capitol
Tallahassee, FL 32399-1050
```